Thomas A. Saenz (Cal. Bar No. 159430)
Eduardo Casas (Cal. Bar No. 346859)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
Email: tsaenz@maldef.org
          ecasas@maldef.org

*Attorneys for Plaintiff
and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ISMAEL ANTONIO RODRIGUEZ PEREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST TECHNOLOGY FEDERAL CREDIT UNION,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1981 AND CALIFORNIA STATE LAW; INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>**CLASS ACTION** |

Plaintiff Ismael Antonio Rodriguez Perez ("Plaintiff" or "Plaintiff Perez"), individually and on behalf of all others similarly situated, by his attorneys makes the following allegations, based upon information and belief, against Defendant First Technology Federal Credit Union ("Defendant" or "First Tech"):

## INTRODUCTION

1. Defendant First Tech follows a policy of denying full access to loan products and services, in addition to other banking products and services, to applicants on the basis of their immigration status or alienage, including those who have Deferred Action for Childhood Arrivals ("DACA") status.

2. Plaintiff Perez and members of the Class he seeks to represent were and are unable to access Defendant's financial services because of their immigration status or alienage. Plaintiff brings this case against First Tech for unlawful discrimination in violation of the Civil Rights Act of 1866, as codified by 42 U.S.C. § 1981 ("Section 1981"), and the Unruh Civil Rights Act ("Unruh Act"), as codified by California Civil Code §§ 51, *et seq*.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Section 1981 claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. This Court is empowered to issue a declaratory judgment by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

6. **Divisional Assignment**: Under N.D. Cal. Local Rule 3-2(c), intradistrict assignment to the Oakland Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Alameda County.

//

//

- 1 -

CLASS ACTION COMPLAINT

## PARTIES

**Plaintiff**

7. Perez is a resident of Oakland, California and has been a DACA recipient since 2012. As part of the DACA initiative, Perez received authorization to work in the United States and a Social Security Number. Perez resided in Oakland on the date that he applied for a Home Equity Line of Credit ("HELOC") from Defendant and was unlawfully denied.

8. Defendant subjected Perez and members of the Class he seeks to represent to discrimination in violation of federal and state law as described in this Complaint.

**Defendant**

9. Defendant is a member-owned and federally chartered credit union headquartered in San Jose, California.

10. Defendant maintains a business and mailing office at 2702 Orchard Pkwy, San Jose, CA 95134-2012.

11. Defendant offers consumers a range of financial and credit products, including retail banking services, business and life insurance products, personal loans, auto loans, credit cards, and home loans.

## STATEMENT OF FACTS

12. Perez brings this action on behalf of himself and members of the proposed Plaintiff Class. The class seeks damages, declaratory judgment, and injunctive relief.

13. Perez is a recipient of DACA and has been since 2012. Since that time, He has continuously possessed an employment authorization card and Social Security Number.

14. Perez graduated from Oregon State University in 2018 with a PhD in Materials Chemistry and Philosophy. Perez subsequently accepted a postdoctoral fellowship at Pacific Northwest National Laboratory in Washington and shortly after purchased a home there. Perez relocated to Oakland in 2021 to pursue professional opportunities.

//

//

15. In or around June 2022, Perez applied for a HELOC on his home in Washington with First Tech. Although First Tech requires loan applicants to be members of the credit union, and Perez was not a member, he qualified for membership because one of his relatives was a First Tech member.

16. On June 8, 2022, a First Tech loan officer, Eric Finster ("Finster"), contacted Perez and requested various documents regarding credit, income, insurance, and legal residency. The following day Finster asked Perez to upload his legal residency card which, he claimed was required because Perez had marked his citizenship status as "Permanent Resident."

17. On June 21, 2022, Perez sent Finster his legal work permit stating that it allowed him to be lawfully present in the United States. Finster accepted it for the purpose of proceeding with the application and submitted Perez's application for underwriting review.

18. On June 23, 2022, Finster sent an email to Perez indicating that he had "great news!" because Perez's loan was reviewed and conditionally approved by the underwriting team. Perez then received an email from another First Tech loan processor, Christopher Scott ("Scott"), on July 6th. Scott's email reiterated the "great news" about Perez's conditional approval and requested several documents including, a copy of Perez's "current/unexpired Permanent Resident Card."

19. On July 19, 2022, Scott informed Perez that the underwriter had conditioned approval on Perez having a "Permanent Residence/Green card." Perez told him that he did not have a green card, to which Scott replied by seeking Perez's approval to change his citizenship status on the loan application from "permanent resident alien" to "non-permanent resident alien." Perez reiterated that he did not have a visa, only work authorization. Scott then requested an I-94 from Perez, which Perez said he had but that it was expired.  Perez said that this left his employment authorization card (EAD) as the only applicable document and that he had previously used it to purchase his home, obtained employment, and opened various bank and retirement accounts. Scott told Perez that for the underwriting team neither an EAD nor an I-94 would be sufficient on its own.

20.     On July 28, 2022, Scott emailed Perez to inform him that they would not extend him the loan because DACA recipients are ineligible for such loans under Fannie Mae guidelines. Scott also told Perez that there was an issue because his updated rent liability put his debt-to-income ratio at 75% percent. Perez asked Scott to revisit the Fannie Mae guidelines and clarified that he had a roommate so his monthly liability for rent was less than what was listed. Perez also asked Scott whether he could nonetheless qualify for a smaller loan.

21.     On August 1, 2022, Scott replied that, under Fannie Mae guidelines, there were some situations where DACA recipients are eligible but that unfortunately, "…First Tech guidelines did not allow for this type of status." Scott further indicated that their underwriter still recommended that they decline his application. Scott never acknowledged Perez's inquiry regarding eligibility for a smaller loan. Perez was officially denied two hours later. Under the section listing the principal reasons for denial, Defendant selected two boxes. One was for "excessive obligations" with a check next to a subcategory for "insufficient income for total obligations." The other box checked stated "unable to verify residency." Defendant never extended Perez membership in the alternative.

22.     First Tech's denial of Perez's application because of its limited and arbitrary immigration-status requirement violates 42 U.S.C. § 1981.

23.     First Tech's denial of Perez's application because of his immigration status violates the California Unruh Civil Rights Act.

24.     There is an actual and substantial controversy between Perez and First Tech.

**CLASS ACTION ALLEGATIONS**

25.     Plaintiff Perez incorporates by reference the allegations in all preceding paragraphs.

26.     Plaintiff Perez brings this action on behalf of himself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure as a nationwide class.

27.     Plaintiff Perez seeks to represent the following nationwide Class ("National Class"), composed of, and defined, as follows:

> All persons who resided in the United States at the relevant time they applied for or attempted to apply for a financial product from First Tech but were denied full and equal consideration by First Tech on the basis of alienage.

28. Plaintiff Perez additionally brings class allegations on behalf of a California Subclass composed of and defined as follows:

> All persons who resided in California at the relevant time they applied for or attempted to apply for a financial product from First Tech but were denied full and equal consideration by First Tech on the basis of their immigration status.

29. Plaintiff Perez may amend the above class definitions as this Court may permit or require. This action has been brought and may be properly maintained as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure because all of the prerequisites for class treatment are met.

**Rule 23(a)(1) – Numerosity**

30. The potential members of the above National Class and California Subclass as defined are so numerous that joinder is impracticable.

31. On information and belief, Defendant's records contain information as to the number and location of the National Class and California Subclass members that would allow the class to be ascertained.

**Rule 23(a)(2) – Common Questions of Law and Fact**

32. There are questions of law and fact common to the Class predominating over any questions affecting only Plaintiff Perez or any other individual Class Members. These common questions of law and fact include, without limitation:

a. Whether it is First Tech's policy or practice to reject applicants for financial products on the basis of immigration status;

b. Whether First Tech violated 42 U.S.C. § 1981 by denying the full and equal right to contract to Plaintiff Perez and the National Class on the basis of alienage;

      c.      Whether First Tech violated the California Unruh Civil Rights Act by denying full and equal access to its services to Plaintiff Perez and the California Subclass on the basis of immigration status;

      d.      Whether Plaintiff Perez and the Class Members are entitled to declaratory, injunctive, and other equitable relief; and

      e.      Whether Plaintiff Perez and the Class Members are entitled to damages and any other available relief.

**Rule 23(a)(3) – Typicality**

33.      The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff Perez and all Class Members sustained injuries and damages arising out of and caused by Defendant's common course of conduct and common policies in violation of federal and California laws, regulations, and statutes as alleged here.

**Rule 23(a)(4) – Adequacy of Representation**

34.      Plaintiff Perez will fairly and adequately represent and protect the interests of the Class Members.

35.      Plaintiff Perez has retained counsel competent and experienced in complex litigation and discrimination class actions.

**Rule 23(b)(2) – Declaratory, Equitable, and Injunctive Relief**

36.      Class certification is appropriate because First Tech has acted and/or refused to act on grounds generally applicable to the members of the National Class and California Subclass.  First Tech's actions make appropriate declaratory, equitable, and injunctive relief with respect to Plaintiff and the Class Members as a whole.

37.      First Tech excludes Class Members in the National Class and California Subclass outright from banking products and services on the basis of alienage and/or immigration status. The Class Members of the National Class and California Subclass are entitled to declaratory, equitable, and injunctive relief to end First Tech's common, unfair, and discriminatory policies.

//

**Rule 23(b)(3) – Superiority of Class Action**

38. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual Class Members. Each member of the proposed Class has been damaged and is entitled to recovery by reason of Defendant's unlawful policies and practices of discriminating on the basis of immigration status and denying full and equal access to Defendant's services.

39. No other litigation concerning this controversy has been commenced by or against Class Members.

40. Class action treatment will allow similarly-situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. It is unlikely that individual Class Members have any interest in individually controlling separate actions in this case. Under the Unruh Civil Rights Act, Class Members have been damaged and are entitled to recovery of damages and statutory penalties because of First Tech's discriminatory policies. Damages are capable of measurement on a class-wide basis. Plaintiff Perez and Class Members will rely on common evidence to resolve their legal and factual questions, including the applicable policies and practices in the relevant period.

41. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. The benefits of maintaining this action on a class basis far outweigh any administrative burden in managing the class action. Conducting the case as a class action would be far less burdensome than prosecuting numerous individual actions.

**FIRST CLAIM FOR RELIEF**
**Alienage Discrimination**
**(42 U.S.C. § 1981)**

42. Plaintiff Perez incorporates by reference the allegations in all preceding paragraphs.

//

- 7 -

CLASS ACTION COMPLAINT

43. Plaintiff Perez brings this claim on his own behalf and on behalf of the National Class.

44. Plaintiff and Class Members are persons within the jurisdiction of the United States.

45. Plaintiff and Class Members are aliens.

46. Plaintiff and Class Members have the right to make and enforce contracts in the United States and are entitled to the full and equal benefits of the law.

47. Defendant conducts business in the United States and is obligated to comply with the provisions of 42 U.S.C. § 1981.

48. Defendant intentionally discriminated against Plaintiff Perez and members of the Class on the basis of alienage by denying them access to financial products.

49. Defendant intentionally discriminated against Plaintiff and members of the Class by interfering with their right to make and enforce contracts for financial products on the basis of alienage.

50. Plaintiff Perez and Class Members have no plain, adequate, or complete remedy at law to redress the wrongs alleged here. Plaintiff Perez and Class Members request that the Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent further violations on the basis of alienage.

51. Plaintiff Perez and Class Members are now suffering, and will continue to suffer, irreparable injury from First Tech's discriminatory acts and omissions.

**SECOND CLAIM FOR RELIEF**
**Violation of the Unruh Civil Rights Act**
**(California Civil Code §§ 51, *et seq.*)**

52. Plaintiff Perez incorporates by reference the allegations in all preceding paragraphs.

53. Plaintiff Perez brings this claim on his own behalf and on behalf of the California Subclass.

//

- 8 -

CLASS ACTION COMPLAINT

54. Plaintiff Perez and class members are persons within the jurisdiction of the State of California and resided in California at the time of Defendant's discriminatory acts.

55. Defendant conducts business within the jurisdiction of the State of California and is therefore obligated to comply with the provisions of the Unruh Act, California Civil Code §§ 51, *et seq*.

56. Plaintiff Perez and class members are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever no matter their immigration status, and no business establishment of any kind whatsoever may refuse to contract with Plaintiff and class members because of or due in part to their immigration status.

57. Defendant violated the Unruh Civil Rights Act by denying Plaintiff Perez and members of the California Subclass access to financial products free of discriminatory conditions imposed on the basis of their immigration status.

58. Under Section 52(a) of the Unruh Civil Rights Act, Plaintiff Perez and members of the California Subclass are entitled to actual damages suffered, statutory damages of up to three times the amount of actual damages suffered per violation, but no less than $4,000, and attorneys' fees.

59. Under Section 52(c), Plaintiff Perez requests that this Court issue a permanent injunction ordering Defendant to alter its policies and practices to prevent future discrimination on the basis of an applicant's immigration status and to prevent further violations of the Unruh Civil Rights Act.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Perez and the Class he seeks to represent pray for relief as follows:

    i.    Certification of the case as a class action on behalf of the proposed Class Members in the National Class and California Subclass;

//

    ii.    Designation of Plaintiff Perez as the class representative on behalf of the National Class and California Subclass;

    iii.    Designation of Plaintiff's counsel of record as Class Counsel;

    iv.    That this Court issue a declaratory judgment that Defendant's policies and practices complained of here are unlawful and violate 42 U.S.C. § 1981 and the California Unruh Civil Rights Act;

    v.    A preliminary and permanent injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies and practices set forth herein;

    vi.    That this Court award statutory and compensatory damages to Plaintiff and the Class Members in an amount to be determined at trial;

    vii.    That this court award to Plaintiff and Class Members reasonable attorneys' fees and costs to the extent allowable by law;

    viii.    For such other and further relief as the Court deems just and proper.

Dated: December 29, 2023

Respectfully submitted,

MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*/s/ Eduardo Casas*

Eduardo Casas
Thomas A. Saenz
MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND

*Attorneys for Plaintiff and the Proposed Class*