**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Thomas A. Saenz (SBN 159430)
Luis L. Lozada (SBN 344357)
Eduardo Casas (SBN 346859)
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Email: tsaenz@maldef.org
       llozada@maldef.org
       ecasas@maldef.org

*Attorneys for Plaintiff and the Proposed Class*

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter (SBN 126231)
2121 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 788-4400
Email: stuart.richter@katten.com

*Attorneys for Defendant First Tech*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ISMAEL ANTONIO RODRIGUEZ PEREZ, an individual, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>FIRST TECH FEDERAL CREDIT UNION,<br><br>                    Defendant. | Case No.: 3:23-CV-06704-TSH<br><br>**JOINT [PROPOSED] JUDGMENT**<br><br>Judge: Thomas S. Hixson |

# [PROPOSED] JUDGMENT

On January 23, 2025, the Court entered an Order Granting Final Approval of Class Action Settlement and Motion for Attorneys' Fees. Dkt. 39. The Court also granted costs, settlement administration costs, and an incentive award to Plaintiff Ismael Antonio Rodriguez Perez. *See id.*

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. **Definitions.** This Judgment incorporates by reference the definitions in the Settlement Agreement ("Agreement") [dkt. 31-2], and all capitalized terms used, but not defined here, shall have the same meanings as in the Agreement.

2. **Jurisdiction.** This Court has jurisdiction over the subject-matter of the Action and over all parties to the Action, including all Class Members, and venue in this Court is proper.

3. **No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case.

4. **Settlement Class.** Under Rule 23(c)(3)(A) of the Federal Rules of Civil Procedure, this Court certifies the Action as a class action, with the Class defined as to the collective group of all persons making up the California Class and National Class, defined as follows:

- "California Class Member(s)" shall mean the 20 individuals who, according to Defendant's records: (i) applied for a Residential Secured Loan from December 29, 2021 through December 29, 2023; (ii) were residing in the state of California at the time they applied; (iii) provided an employment authorization document ("EAD") during the application process; and (iv) were denied such Residential Secured Loan solely due to their immigration or citizenship status at the time they applied.

- "National Class Member(s)" shall mean the 43 individuals who, according to Defendant's records: (i) applied for a Residential Secured Loan from December 29, 2021 through December 29, 2023; (ii) were residing in any state in the United States other than California at the time they applied; (iii) provided an EAD during the application process; and (iv) were denied such Residential Secured Loan solely due to their immigration or citizenship status at the time they applied.

5. **Class Notice.** Under Rule 23(c)(3)(B) of the Federal Rules of Civil Procedure, this Court finds that all Class Members received adequate notice concerning the terms of the Agreement, and no Class Member sought exclusion from or objected to the Agreement.

6. **Class Certification.** The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate.

7. **Designation of Class Representative and Class Counsel**. The Court confirms the prior appointment of Plaintiff Ismael Antonio Rodriguez Perez as Class Representative, and MALDEF as Class Counsel.

8. **Settlement Approval.** Under Fed. R. Civ. P. 23, this Court approves the Settlement set forth in the Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Parties. The Court further finds that the Settlement set forth in the Agreement is the result of good faith, arms-length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Agreement is finally approved in all respects, there is no just reason for delay, and the Parties are directed to perform its terms.

9. **Dismissal with Prejudice.** Final Judgment is entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims in the Action are dismissed in their entirety with prejudice and without costs. All claims in the Action are dismissed and the case shall be closed.

10. **Releases.** The releases as set forth in Section 13 of the Agreement, together with the definitions in Section 1 relating to them, are expressly incorporated here in all respects and made effective by operation of this Judgment. The Court approves the release provisions as contained and incorporated in Section 13 of the Agreement, including but not limited to the definitions of Section 1. The Releasors shall be deemed to have, and by operation of the Judgment,

- 2 -

**JOINT [PROPOSED] JUDGMENT**               CASE NO. 3:23-CV-06704-TSH

shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including Unknown Claims) against the Defendant Releasees.

11. **Permanent Injunction.** The Releasors, including the Class Representative and all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims. The Releasors further are forever barred and enjoined from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint or counterclaim to include class allegations or seeking class certification in a pending action in any jurisdiction based on or relating to any of the Released Claims).

12. **Use of Order.** Neither this Order, the fact that a settlement was reached and filed, the Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendant. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

13. **No Objections.** The Court finds, as set forth in the Declaration of Melissa E. Baldwin Regarding Settlement Administration, dated December 9, 2024, no objections to the Settlement have been filed by members of the Class and no members of the Class requested exclusion from the Class.

14. **Post-Distribution Accounting.** Class Counsel will file a Post-Distribution Accounting with this Court within twenty-one (21) days after the distribution of the settlement funds and payment of attorneys' fees documenting, to the extent applicable, the total settlement fund, the total number of class members, distribution of funds, and other distribution information.

15. **Continuing Jurisdiction.**  Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction over the administration, consummation, enforcement, and interpretation of the Agreement, the Final Judgment, and for any other necessary purpose.

16. **Implementation of the Agreement.**  The Parties are authorized to implement the terms of the Agreement.

17. **Reasonable Extensions.**  Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

18. **Class Action Fairness Act (CAFA) Notice.**  Defendant has provided timely notification through the settlement administrator to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

19. **Entry of Final Judgment.**  There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed.

20. **Action Closed.**  The Clerk of the Court is directed to close the Action.

**IT IS SO ORDERED.**

DATED: January 28, 2025

THE HONORABLE THOMAS S. HIXSON
UNITED STATES MAGISTRATE JUDGE